## BOB MARTIN ET AL. V. THE STATE.

### No. 1424.  Decided March 20, 1912.

**Bail Bond—Judgment Nisi—Description of Offense.**

Where the indictment charged the defendant with unlawfully selling spirituous, vinous and intoxicating liquors in quantities of one gallon and less without license, and the bail bond alleged that the defendant was charged with the offense of unlawfully selling intoxicating liquors without license, the same did not sufficiently describe the offense, it not being an offense eo nomine. Following Loveless v. State, 50 S. W. Rep., 361.

Appeal from the County Court of Wichita. Tried below before the Hon. C. B. Felder.

Appeal from a judgment nisi in the sum of $750.

The opinion states the case.

*Montgomery & Britian* and *Orville Bullington* and *C. C. Huff,* for appellant.—Selling liquor without license is not an offense eo nomine, and where the bail bond describes the offense with which the defendant is charged as selling liquor without license the bond is void. Wallen v. State, 18 Texas Crim. App., 414; Turner v. State, 14 id., 168; Wegner v. State, 28 id. 419; Nichols v. State, 47 Texas Crim. Rep., 406, 83 S. W. Rep., 1113; Loveless v. State, 50 S. W. Rep., 361; Parish v. State, 47 Texas Crim. Rep., 148, 82 S. W. Rep., 517; Davis v. State, 47 Texas Crim. Rep., 148, 82 S. W. Rep., 512; Hart v. State, 47 Texas Crim. Rep., 502, 84 S. W. Rep., 592; Williams v. State, 51 Texas Crim. Rep., 252, 103 S. W. Rep., 929; Woods v. State, 51 Texas Crim. Rep., 595, 103 S. W. Rep., 895; Stephens v. State, 50 Texas Crim. Rep., 531, 98 S. W. Rep., 859.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—In this case appellant Bob Martin was indicted by the grand jury, the indictment reading as follows:

"In the name and by the authority of the State of Texas, the grand jurors for the county of Wichita, State aforesaid, duly organized as such at the June term, A. D. 1910, of the District Court for said county, upon their oaths in said court present that Bob Martin, on or about the 1st day of August, One Thousand Nine Hundred and Eight (A. D. 1908), and anterior to the presentment of this indictment, in the county of Wichita and State of Texas, did then and there unlawfully sell spirituous, vinous and intoxicating liquors in quantities of one gallon and less without taking out a license as a retail liquor dealer, against the peace and dignity of the State." Said appellant executed a bail bond with his codefendants as sureties, the bond being in the sum of seven hundred and fifty dollars, conditioned as follows: "The condition of the above obligation is such that whereas the above named principal stands charged by indictment, duly presented in the County Court of Wichita County, Texas, with the offense of unlawfully selling intoxicating liquor without license."

Under the evidence it appears that when appellant Martin was indicted he employed T. R. Boone to represent him. Mr. Boone was subsequently elected county attorney, and reported to the court his disqualification in the case, and requested the court to appoint Wendell Johnson to represent the State in this and some other cases in which he was disqualified. He testified the court agreed to do so, and he so notified other counsel for appellant Martin. Counsel for Martin conferred with Mr. Johnson about the trial of the cases, and Mr. Johnson stated to them he was going to Austin on some matters and would be absent until about Thursday, when he would take up the matter with them. After this conversation with Mr. Johnson, appellant's counsel advised with him about the matter, and informed

him he could go out of the State on some business matters, provided he would return by the latter part of the week. The case against Martin was not reached on call of the docket until the 14th of December. Mr. Johnson being in Austin, the court appointed another attorney to represent the State in that case, and on the 15th the bond was forfeited, Martin not returning from his trip until the 16th. Appellant's counsel state they saw the judge and explained the matter to him, when the judge told them he would investigate the matter, subsequently telling them he would not set aside the forfeiture.

The State proved by the judge that the appointment of Johnson to represent the State was conditioned that he return from Austin by a given date, and by him failing to do so, he appointed other counsel.

Appellant's counsel and appellant insist that they did not know the appointment was a conditional one, and relied on the agreement of Mr. Johnson that the case would not be called until his return from Austin, and for this reason alone did appellant absent himself. He was rearrested and gave a new bond for his appearance at court.

While appellant raises many questions in his motion for new trial, which are ably presented in the brief, under the decisions of this court we do not deem it necessary to discuss but one of them. The contention is that the offense charged in the indictment is not eo nomine an offense, and the offense as described in the bond is not defined by our statute as an offense, but other elements must be charged to constitute an offense under the law. Virtually this identical question was passed on by this court in the case of Loveless v. State, 50 S. W. Rep., 361, and it is there held that a bail bond reciting that defendant stands indicted of "the offense of unlawfully selling intoxicating liquor" does not sufficiently describe the offense —that not being an offense eo nomine, the bond must recite all the constituent elements of the offense. See the authorities cited in that opinion and in section 107 of Branch's Crim. Law.

*Reversed and remanded.*